IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACKIE GILBERT CROSS, JR., ) | |
| ) | |
| Plaintiff, ) | No. 3:12-1169 |
| ) | Judge Campbell |
| v. ) | Magistrate Judge Knowles |
| ) | |
| THE METROPOLITAN GOVERNMENT OF ) | JURY DEMAND |
| NASHVILLE AND DAVIDSON COUNTY, and, ) | |
| in their individual capacities, STEVE ) | |
| ANDERSON, WILLIAM LOUCKS, T. GENE ) | |
| DONEGAN, and JOHN and/or JANE DOES, ) | |
| ) | |
| Defendants. ) | |

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01, this initial case management order is submitted by counsel representing Plaintiff Cross and Defendants Metropolitan Government, Steve Anderson, William Loucks, and T. Gene Donegan. Counsel request the entry of this order by this Honorable Court.

1. <u>Jurisdiction</u>. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343(a), and supplemental jurisdiction over State law claims pursuant to 28 U.S.C. §1367(a). Jurisdiction is not disputed, although the parties recognize the Court's discretion to decline to exercise supplemental jurisdiction under the circumstances delineated in 28 U.S.C. § 1367(c).

2. <u>Service of Process</u>. Defendants Metropolitan Government, Steve Anderson, William Loucks, and T. Gene Donegan have all been served, and service is not disputed by them. John or Jane Doe Defendants have not yet been identified or served; their identification is pending discovery.

3. <u>Responsive Pleadings</u>. Pursuant to order entered November 14, 2012, Defendants

were granted an extension for the filing of their responsive pleadings, to December 18, 2012. Defendants Metropolitan Government, Steve Anderson, William Loucks, and T. Gene Donegan filed a motion to dismiss on December 13, 2012, and Plaintiff will be responding in opposition to the motion on or before December 27, 2012.

4. _Plaintiff's Theory of the Case_. Plaintiff Cross's theory of the case is the Defendants' conduct deprived him of constitutional rights and comprised state torts. Defendants Loucks, Donegan and Jane and/or John Doe negligently and/or maliciously sought criminal indictments against him without probable cause simply because he purchased a package of cold medication. They never should have presented Mr. Cross to the grand jury. Despite the lack of any evidence to support them, Defendants Loucks, Donegan and Jane and/or John Doe sought a criminal indictment of Mr. Cross. The officers managed to obtain indictments of the Plaintiff along with 38 other persons, as part of a criminal sting operation. Upon information and belief, in addition to the lack of supporting evidence, there was evidence exonerating Mr. Cross.

Mr. Cross was indicted on methamphetamine drug offenses committed near a school zone. Metro then publicized the indictments identifying Mr. Cross as having been charged as a participant in those crimes. Mr. Cross turned himself in and was arrested. Mr. Cross had been employed by Metro Schools and was fired because of the indictment. The charges were dismissed pursuant to a nolle prosequi by the Office of the District Attorney General, but due to the indictment and the nature of the charges, Mr. Cross was not re-hired, nor has he been able to obtain suitable employment to replace his lost income. Mr. Cross has suffered economic, physical and emotional damages as a result of the indictment.

Plaintiff submitted a complaint about his indictment to the Metropolitan Government's Police Department. The criminal charges had already been nollied. Defendant Donegan, a

member of the criminal sting team, was assigned to investigate the complaint--upon information and belief by Chief Anderson. Defendant Donegan investigated Officer Loucks, and exonerated him because the grand jury had indicted Plaintiff, a conclusion found satisfactory by Defendants Metropolitan Government and Police Chief Anderson. Defendant Donegan's role in seeking the indictment was not investigated. Investigation by a supervisor who participated in the conduct at issue, and exoneration based on obtaining an indictment regardless of inappropriate pre-indictment conduct, are customs, practices and procedures encouraging the violation of constitutional rights.

Additionally, the Defendants should not be able to shield themselves from state tort liability by a wrongfully procured indictment. While it is true that Mr. Cross was indicted, he never should have been presented to the grand jury in the first place. Seeking the indictment was negligent and/or malicious and the resulting arrest, negative publicity, and damages to Mr. Cross were likewise wrongful and were also forseeable results of wrongfully seeking an indictment.

5. <u>Defendants' Theory of the Case</u>. Defendants contend Plaintiff's complaint fails to state a federal- or state-law claim and should be dismissed in its entirety. Plaintiff was indicted based on evidence made known to Detective Loucks prior to the indictment, and that indictment is conclusive as the issue of probable cause. Additionally, the only information released about Plaintiff was the fact of his indictment, which was truthful information.

6. <u>Other Claims</u> - At this time, the parties are not aware of the need for any counterclaims, cross-claims, third-party claims, joinder of other parties or claims. Should the parties become aware of the need for such pleadings, they will inform the other parties.

7. <u>Amendment of Complaint</u> - Motions to Amend the Pleadings shall be filed no later than April 15, 2013.

8. <u>Status of the Issues Presented</u>. The issues and facts in this case are in dispute at this time.

9. <u>Admission of Fact and/or Stipulations to Authenticity</u>. The parties shall request admissions of fact and/or stipulations regarding the authenticity of documents in accordance with Fed. R. Civ. P. 36.

10. <u>Discovery</u>. On December 13, 2012, Defendants Metropolitan Government, Steve Anderson, William Loucks, and T. Gene Donegan filed motions to dismiss and to stay discovery. Plaintiff will be responding in opposition to the motions on or before December 27, 2012. Plaintiff is prepared to proceed with discovery, and agrees with the following schedule. Defendants contend that they are entitled to a stay of discovery pending a decision on the motion to dismiss and that discovery and other deadlines should be set only after the qualified-immunity issue is resolved. If Defendants' motions are denied and Defendants choose not to appeal, Defendants agree with the schedule outlined in this Order.

(a) Initial Disclosures: All parties shall ~~be completed with the~~ *provide* Initial Disclosures by January ~~15~~ *30*, 2013, which shall be in accordance with Fed. R. Civ. P. 26(a)(1).

(b) Written Discovery: Written discovery shall be completed by April 30, 2013.

(c) Depositions: Deposition of fact witnesses, including parties, shall be completed by July 29, 2013. Depositions of experts shall be completed by November 30, 2013.

(d) Duty of Disclosure: The parties shall disclose the identity of any witnesses and make other disclosures pursuant to Fed. R. Civ. P. 26 with the exception of expert witnesses. Plaintiff shall disclose the identity and other information regarding his expert witnesses, in accordance with Fed. R. Civ. P. 26(a)(2), by August 30, 2013. The Defendants shall disclose the identity and other information regarding their expert witnesses, in accordance with Fed. R.

Civ. P. 26(a)(2), by September 30, 2013.

(e) Limitations on Discovery: As noted above, Defendants' motion to stay discovery is pending. Other than the pending motion and any appeals therefrom, there is no plan to limit discovery except for what is specified in the Federal Rules of Civil Procedure.

(f) Dispositive Motions Stay: As noted above, Defendants' motion to stay discovery is pending. Other than the pending motion and any appeals therefrom, there is no plan to stay discovery during dispositive motions.

(g) Other Stays of Discovery: The parties have not exchanged any discovery at this time and there are no stays in effect.

(h) Protective Orders: The parties are not aware at this early time in the litigation process whether or not any protective orders will need to be entered.

(i) Fed. R. Civ. P. 26(f) Conference: The Initial Case Management Conference shall serve as the Fed. R. Civ. P. 26(f) discovery conference.

(j) Discovery Motions: The deadline for filing discovery related motions [regarding fact discovery] is August 10, ~~December 15,~~ 2013.

11. Settlement. The parties in this matter have not discussed settlement. The parties agree that more discovery needs to be conducted prior to settlement agreement being discussed.

12. Alternative Dispute Resolution. The parties are in disagreement over whether case has potential to be settled outside of the Court. Accordingly, at this point it appears the best time to discuss settlement will be after discovery has been completed.

13. Dispositive Motions - All dispositive motions are to be filed with this Court by December 30, 2013. Responses shall be filed within thirty (30) days of receiving the motion. Replies shall be filed with the Court within ten (10) business days. ~~The dispositive motion~~

5

~~deadline, including response and reply briefs, shall be no later than ninety (90) days in advance of the target trial date~~

14. Electronic Discovery – The parties agree to discuss a plan for electronic discovery and anticipate being able to resolve any such issues without Court intervention. ~~Accordingly, it does not appear necessary to apply~~ *In the absence of such agreement,* the default standard contained in Administrative Order No. 174 ~~to this case.~~ *will apply.*

15. Estimated Trial Time - The parties expect the trial to last approximately three to four days. ~~This case is set for trial at ___ a.m./p.m. The final pretrial conference is set for ___ at ___ a.m./p.m.~~ *The target trial date (jury trial) is April 29, 2014.*

IT IS SO ORDERED.

_____
MAGISTRATE JUDGE KNOWLES

APPROVED FOR ENTRY:

/s/ John R. Miles
John R. Miles (#013346)
Attorney at Law
329 Union Street
Nashville, Tennessee 37201
Tel. 615-242-2525
Fax: 615-259-2597
E-mail: randy@jrmiles.com

/s/ Martha Zendlovitz Emeson
Martha Zendlovitz Emeson (#012859)
Law Office of Amber St. John Goss
5016 Spedale Court #325
Spring Hill, TN 37174
Tel. 615-220-2201
Fax 615-220-2204
Direct Tel.: 615-403-3205
Direct Fax: 615-369-8653
E-mail: martha@zendylaw.com

Attorneys for Plaintiff